# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LARRY DEAN SHELMAN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 18-172-RAW-KEW |
| **RICK WHITTEN, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as barred by the statute of limitations (Dkt. 8). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is challenging the execution of his sentences in Wagoner County District Court Case No. CRF-1991-248 for Murder in the First Degree (Count 1) and Kidnapping (Count 2), raising two grounds for relief:

**Ground I:** The declared State policy of Oklahoma required modification of Petitioner's sentence, and the state court denial of sentence relief violates due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Ground II:** Newly-discovered evidence of Petitioner's lack of future dangerousness shows that Petitioner was entitled to a modification of sentence.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on December 5, 1991, Petitioner entered pleas of no contest to Count 1, First Degree Murder, and Count 2, Kidnapping, in Wagoner County District Court Case No. CRF-1991-248. He was sentenced to life imprisonment for Count 1 and ten (10) years of imprisonment for Count 2, with the sentences to run consecutively. The Judgment and Sentence was entered on December 17, 1991. (Dkt. 9-1 at 1).

Petitioner did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Therefore, his convictions became final on December 27, 1991, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22,

§ 1051. Because Petitioner's Judgment and Sentence became final before enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to initiate this habeas corpus action, absent tolling. *See* 28 U.S.C. § 2244(d); *Allen v. Seibert*, 552 U.S. 3, 4 (2007); *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012); *Hoggro v. Boone*, 150 F. 3d 1223, 1226 (10th Cir. 1998).

Petitioner apparently filed his first application for post-conviction relief in 1995, and the OCCA dismissed the application on April 21, 1995 in Case No. PC-1995-277.[1] *See Shelman v. State*, No. PC-2017-1302, slip op. at 1 (Okla. Crim. App. May 21, 2018) (Dkt. 1 at 17). The first post-conviction proceedings did not affect Petitioner's limitation period, because those proceedings concluded before enactment of the AEDPA.

On November 7, 2016, Petitioner filed a second application for post-conviction relief in the state district court, which was denied on November 30, 2017 (Dkt. 9-1 at 3). The OCCA affirmed the denial on May 21, 2018, in Case No. PC-2017-1302 (Dkt. 1 at 17-20). *Shelman*, No. PC-2017-1302. Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).[2]

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] During the second post-conviction proceedings, Petitioner filed numerous motions and pleadings, including a petition for a writ of mandamus in the OCCA, none of which affected his deadline for filing a timely habeas corpus petition.

Petitioner makes three arguments for equitable tolling in his response to the motion to dismiss (Dkt. 10):

(1) The Wagoner County District Court held an evidentiary hearing on March 8, 2017, and evidence was produced that should have resulted in a sentence modification.

(2) The evidence was newly-discovered, because (a) it is material to the district court's miscalculation of his future dangerousness during sentencing; (b) it could not have been discovered before trial with reasonable diligence; (c) the evidence is not cumulative; and (d) there is a reasonable probability that, if it had been presented at trial, a portion of his sentence would have been suspended.

(3) The one-year limitation period should start on March 8, 2017, when the factual predicate was produced in the evidentiary hearing, with equitable tolling for the time spent exhausting state remedies. The state remedies were exhausted on May 21, 2018, when the OCCA affirmed the denial of post-conviction relief.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

Here, the Court finds equitable tolling is not warranted. Petitioner is asserting that if the sentencing court had had access to the evidence produced 26 years later in the evidentiary hearing, he would have received a lesser sentence. Such speculation is meritless. Further, Petitioner's claim that the limitation period should start on the date of the evidentiary hearing is not based on the law set forth in the AEDPA. Respondent's motion to dismiss Petitioner's time-barred petition is GRANTED.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 30th day of January 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma